# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v.    ) <br> ) <br> RALPH T. WILSON, ) <br> ) <br> **Defendant.**    ) <br> ) | Criminal No. 96-0157 (ESH) |

## MEMORANDUM OPINION

Defendant Ralph T. Wilson has filed a motion pursuant to 28 U.S.C. § 2255 to vacate and correct his sentence in light of the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016).[1] For the reasons stated herein, the motion is granted.

## BACKGROUND

On November 26, 1997, defendant entered a plea of guilty to one count of possession of a firearm by a convicted felon after having been previously convicted of three crimes involving a violent felony or a serious drug offense, in violation of 18 U.S.C. § 922(g)(1)[2] and the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (*See* Gov't Opp'n, Ex. A, ¶ 1 (Plea

---

[1] For statistical purposes, Civil Action No. 16-1358 was opened upon the filing of this motion, but all filings are made in the criminal case.

[2] In relevant part, § 922(g)(1) makes it "unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C.A. § 922(g)(1).

Agreement, Nov. 26, 1997), ECF No. 51-1.)[3] For purposes of the ACCA, defendant's qualifying prior convictions included two violent felonies and one serious drug offense: a 1982 conviction in Maryland Circuit Court for robbery ("Maryland Robbery"); 1988 conviction in D.C. Superior Court for Assault with a Deadly Weapon ("DC ADW"); and a 1988 conviction in D.C. Superior Court for possession with intent to distribute cocaine and possession of cocaine.[4] The ACCA requires a mandatory minimum sentence of 15-years imprisonment, which was imposed on November 26, 1997.[5] (*See* Judgment, Nov. 26, 1997, ECF No. 46.)[6] Defendant did not file an appeal.

At the time defendant was sentenced, the ACCA defined a "violent felony" as:

any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of

---

[3] In exchange, the government agreed to dismiss the remaining counts of the indictment. (Plea Agreement ¶ 8.)

[4] Although the plea agreement does not expressly identify defendant's prior convictions, the parties agree that these are the three convictions that triggered application of the ACCA.

[5] Judge Norma Holloway Johnson was the sentencing judge. This case was reassigned to the undersigned on June 29, 2016, for the purpose of ruling on the pending motion.

[6] Earlier that same year, after a jury trial, defendant had been convicted of conspiracy to kill a witness in violation of 18 U.S.C. § 371, killing a witness with intent to prevent him from testifying in violation of 18 U.S.C. § 1512(a)(1)(A), retaliating against a witness in violation of 18 U.S.C. § 1513(a)(1)(B) and (2), and first degree murder while armed in violation of D.C. Code §§ 22-201, 22-3202. *See United States v. Ralph Wilson*, No. 96-cr-0319-02 (Judgment, June 5, 1997). That case was also assigned to Judge Johnson, who sentenced him to concurrent terms of 60 months imprisonment, life imprisonment, life imprisonment, and 30 years to life imprisonment. *Id.* These convictions were affirmed on appeal, and defendant's collateral attacks have been unsuccessful.

physical injury to another.

*Id*. § 924(e)(2)(B). Subsection (i) is known as the "elements clause"; subsection (ii)'s list of offenses is known as the "enumerated clause"; and the final phrase in subsection (ii) – "otherwise involves conduct that presents a serious potential risk of physical injury to another" – is known as the "residual clause." *United States v. Redrick*, 841 F.3d 478, 480 (D.C. Cir. 2016). However, on June 26, 2015, the Supreme Court struck down the "residual clause" as unconstitutionally vague. *See Johnson v United States*, 135 S. Ct. 2551 (2015) ("*Johnson 2015*"). Then, on April 16, 2016, the Supreme Court held that its holding in *Johnson 2015* was "a substantive rule" that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

Defendant had one year from the date of *Johnson 2015* to file a § 2255 motion for collateral relief based on that decision, *see* 28 U.S.C. § 2255(f),[7] but only a few months of the year remained by the time the Supreme Court decided *Welch*. Due to this short time frame, the Chief Judge of this Court appointed the Office of the Federal Public Defender ("FPD") to represent any convicted defendant who previously had been entitled to the appointment of counsel and might have a claim under *Johnson* and *Welch*. *See Johnson* Standing Order No. 1, at 1-2 (D.D.C., June 2, 2016). For those defendants, the Order directed the FPD to file an abridged motion for relief by the one-year deadline, to be supplemented with a fully briefed motion, where warranted, by October 26, 2016. *See id*. June 26, 2016, fell on a Sunday, so *Johnson 2015* motions were due by Monday, June 27, 2016. *See* Fed. R. Civ. P. 6(a)(1)(C).

---

[7] Section 2255(f) allows defendants one year to file from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

3

On June 28, 2016, the FPD filed defendant's abridged § 2255 motion.[8] (*See* Def.'s Mot.
Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 48 ("Def.'s Mot.").)
The FPD acknowledged that the motion was one day late, but it offered the following
explanation:

> Mr. Wilson did not appear on the United States Sentencing Commission's list of those sentenced under the ACCA and counsel was unaware of his ACCA sentence until receiving a telephone call on June 28, 2016 alerting counsel to this case. While counsel has not received all documents needed to properly assess this case, counsel is filing this motion to preserve Mr. Wilson's ability to challenge his ACCA sentence. After receipt of documents confirming the viability of Mr. Wilson's challenge, this motion will be supplemented by October 26, 2016, in accordance with the June 2, 2016, Standing Order.

(*Id*. at 1.) Defendant's fully briefed motion was timely filed on October 26, 2016. (*See* Def.'s
Supp. Mot. to Vacate Judgment Under 28 U.S.C. § 2255, ECF No. 51 ("Def.'s Supp. Mot.").)
On December 30, 2016, the government filed an opposition (United States' Opp'n to Def.'s Mot.
& Supp. Mot., ECF No. 53 ("Gov't Opp'n")), and defendant filed a reply on January 31, 2017.
(Def.'s Reply Mem. in Support of Mot. & Supp. Mot., ECF No. 57 ("Def.'s Reply").

**ANALYSIS**

Defendant's § 2255 motion claims that, in light of *Johnson 2015* and *Welch*, striking
down the residual clause and applying that decision retroactively to cases on collateral review,
his convictions for Maryland Robbery and DC ADW are not violent felonies under the ACCA
and his 15-year mandatory minimum sentence should be vacated. The government argues that
defendant is not entitled to relief, for both procedural and substantive reasons.

---

[8] Defendant had not previously filed a § 2255 motion in this case, so he did not need to seek leave to file from the Court of Appeals. *See* 28 U.S.C. § 2255(h).

4

## I. LEGAL STANDARD

A federal prisoner may petition a district court to vacate, set aside, or correct his sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## II. PROCEDURAL ISSUES

The government argues that defendant's claim should be rejected without reaching the merits either because it is untimely or because it was "procedurally defaulted."

### A. Timeliness

The government argues that defendant's claim is not a timely *Johnson 2015* claim for three reasons: (1) the record does not establish that the sentencing court actually relied on the residual clause; (2) the claim is really based on an earlier Supreme Court case, *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson 2010*"), not *Johnson 2015*; and (3) even if the claim is based on *Johnson 2015*, it was filed one-day late.

#### 1. Actual Reliance on Residual Clause

The government first argues that defendant's motion is untimely because defendant "has not carried his *burden* of showing that the district court *actually relied* on the residual clause to find that his prior convictions for [Maryland Robbery and DC ADW] qualified as violent felonies." (Gov't Opp'n at 8-9 (emphasis added).) According to the government, unless

5

defendant can make this showing, he cannot pursue a claim based on *Johnson 2015*, and the statute of limitations for any other claim expired long ago. Defendant does not dispute that the record in this case does not indicate whether the sentencing court actually relied on the residual clause, but argues that proof of actual reliance is not necessary to bring a claim based on *Johnson 2015*.

The government's position has been rejected by virtually every court to have considered the question, including by two other judges in this district.[9] *See United States v. Booker*, No. 04-cr-0049, 2017 WL 829094, at *3-*4 (D.D.C. Mar. 2, 2017) (Friedman, J.) ("The Court declines to impose the government's reliance requirement because [defendant] has done all that is required of him: shown that the sentencing judge might have relied on the now unconstitutional residual clause."); *United States v. Brown*, No. 09-0358, slip op. at 7-8 (D.D.C. Apr. 12, 2017) (Sullivan, J.) (same); *see also United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017) ("when an inmate's sentence may have been predicated on application of the now-void residual clause and, therefore, may be an unlawful sentence under the holding in *Johnson [2015]*, the inmate has shown that he 'relies on' a new rule of constitutional law within the meaning of 28 U.S.C. § 2244(b)(2)(A)"); *United States v. Ladwig*, 192 F. Supp. 3d 1153, 1159 (E.D. Wash. 2016) (defendant "successfully demonstrated constitutional error simply by showing that the Court might have relied on an unconstitutional alternative when it found that [defendant's] prior convictions for burglary and attempted rape were violent felonies); *Bevly v. United States*, No. 4:15-cv-965, 2016 WL 6893815, at *1, (E.D. Mo. Nov. 23, 2016) ("[i]n a situation where the

---

[9] The Eleventh Circuit has issued conflicting decisions. *Compare In re Hires*, 825 F.3d 1297, 1299 (11th Cir. 2016) *and In re Moore*, 830 F.3d 1268, 1273 (11th Cir. 2016) *with In re Chance*, 831 F.3d 1335, 1340 (11th Cir. 2016).

6

Court cannot determine under what clause the prior offenses were determined to be predicate offenses, the better approach is for the Court to find relief is available, because the Court may have relied on the unconstitutional residual clause"); *United States v. Mitchell*, No. 1:06-cr-353, 2016 WL 6656771, at *3 (M.D. Pa. Nov. 10, 2016) ("It is sufficient for purposes of § 2255 review to show that the court might have applied the residual clause when it imposed the enhanced sentence."); *Shabazz v. United States*, No. 3:16-cv-1083, 2017 WL 27394, at *5 (D. Conn. Jan. 3, 2017) (same); *Givens v. United States*, No. 4:16-cv-1143, 2016 WL 7242162, at *4 (E.D. Mo. Dec. 15, 2016) (same); *Diaz v. United States*, No. 1:11-cr-0381, 2016 WL 4524785, at *5 (W.D.N.Y. Aug. 30, 2016) (same).

The reasoning of these other courts is persuasive. Several point out that the situation is closely analogous to a claim of unconstitutional jury instructions, where a "'general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient, because the verdict may have rested exclusively on the insufficient ground.'" *See Ladwig*, 192 F. Supp. 3d at 1158 (quoting *Zant v. Stephens*, 462 U.S. 862, 881 (1983)). In addition, "judges are not required by law to state at sentencing whether they are relying on the residual clause or the elements clause," and "there was no practical reason for judges to make this distinction at sentencing prior to June 26, 2015, when the Supreme Court decided that the residual clause was void for vagueness." *Booker*, 2017 WL 829094, at *3; *see also Brown*, slip op. at 8. Under those circumstances, to penalize defendant for the absence of a clear record would impose an unfair burden. *Shabazz*, 2017 WL 27394, at *5 ("requiring a petitioner to make an affirmative showing on a record that is not only more than ten years old, but was made at a time when I had no reason to identify on which ACCA clause his sentence relied would be inequitable and would render 2015 Johnson relief

7

virtually impossible to obtain"); *Winston*, 850 F.3d at 682 ("We will not penalize a [defendant] for a court's discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony.") Indeed, in defendant's case, he entered a plea of guilty pursuant to a plea agreement that did not even identify the three qualifying prior convictions. Finally, "[t]he government's position would create the absurd result that [one defendant] is not entitled to relief under *Johnson*, but a defendant who filed the same motion and had the same prior convictions would be entitled to relief if the sentencing judge years earlier had 'thought to make clear that she relied on the residual clause.'" *Booker*, 2017 WL 829094, at *4 (quoting *In re Chance*, 831 F.3d 1335, 1340 (11th Cir. 2016)); *see Winston* 850 F.3d at 682 ("imposing the burden on [defendants] urged by the government in the present case would result in 'selective application' of the new rule of constitutional law announced in *Johnson [2015]*" (quoting *In re Chance*, 831 F.3d at 1340)). In the end, as Judge Friedman put it, "the fact that the record is unclear as to whether [a sentencing judge] relied on the elements clause or the residual clause in finding that [the defendant] was an armed career criminal . . . is neither unsurprising nor fatal." *Booker*, 2017 WL 829094, at *3.

Accordingly, the Court concludes that defendant may bring a *Johnson 2015* claim without establishing that the sentencing judge actually relied on the residual clause.

  **2.** *Johnson 2010*

The government next argues that defendant's claim is untimely because it is not really based on the Supreme Court's *Johnson 2015* decision, but rather on an earlier decision, *Johnson 2010*, for which the one-year filing deadline expired long ago.

*Johnson 2010* concerned the meaning of the term "physical force" in the "elements" clause of the ACCA, § 924(e)(2)(B)(i). The Supreme Court held that "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another

8

person." *Johnson 2010*, 559 U.S. at 140. There is no question that *Johnson 2010* is relevant to the merits of defendant's claim: in order to prevail defendant "must show that his [prior] convictions are not violent felonies under either the elements clause or the enumerated clause, which remain valid after *Johnson [2015]*." *Booker*, 2017 WL 829094, at *4. To determine whether defendant's prior convictions for Maryland Robbery and DC ADW are covered by the elements clause will necessarily require application of *Johnson 2010*'s definition of the term "physical force." *See id.* (defendant "must necessarily rely on current precedent interpreting ACCA and the elements clause"); *see also Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 313 n.12 (1994) ("[W]hen this Court construes a statute, it is explaining its understanding of what the statute has meant continuously since the date when it became law.").

However, the fact that *Johnson 2010* is relevant to the merits of defendant's claim does not mean that his claim cannot be based on *Johnson 2015*. To the contrary, "[i]t is only as a result of 2015 *Johnson's* voiding of the residual clause that [defendant] could reasonably argue that he is no longer eligible for the ACCA enhancement." *Diaz*, 2016 WL 4524785, at *5 (internal quotation marks and citation omitted); *see also, e.g., Booker*, 2017 WL 829094, at *4 (relevance of *Johnson 2010* "does not convert [defendant's] *Johnson [2015]* motion into a habeas motion based on older cases"); *Brown*, slip op. at 9 (same); *Shabazz*, 2017 WL 27394, at *4 ("Although [defendant's] Elements Clause argument engages with the 2010 *Johnson* holding, the availability of that argument in this case is wholly a product of the new rule announced in 2015 *Johnson*."); *United States v. Winston*, No. 3:01-cr-00079, 2016 WL 4940211, at *2 n.1 (W.D. Va. Sept. 16, 2016) ("Government's procedural attack on Defendant's petition as focusing solely on *Johnson* [*(2010)*] is likely better understood as a substantive argument that—even after receiving the benefit of *Johnson* [*(2015)*]—Defendant has not suffered prejudice, because his

9

conviction nonetheless falls within the [elements] clause."); *Ladwig*, 192 F. Supp. 3d at 1159-60 ("Only with *Johnson [2015]*'s invalidation of the residual clause could [defendant] reasonably argue that he is no longer eligible for the ACCA enhancement."). Accordingly, the Court rejects the government's attempt to characterize defendant's motion as based solely on *Johnson 2010* and must be rejected.

### 3. Equitable Tolling

The government's last challenge to the timeliness of defendant's motion is based on the fact that the one-year period for filing claims based on *Johnson 2015* expired on Monday, June 27, 2016, but defendant's motion was not filed until the following day, Tuesday, June 28, 2016. Defendant acknowledged from the outset that the motion was filed one day late (*see* Def.'s Mot. at 1), but asserts that the circumstances warrant equitable tolling (Def.'s Supp. Mot. at 8). The government recognizes that equitable tolling is available, but takes the position, albeit only in a footnote, that "it is not clear that defendant is entitled to equitable tolling here." (Gov't Opp'n at 10 n.7.)

A defendant is "entitled to equitable tolling" if he can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649-51 (2010). Given the circumstances in the present case, the Court finds that equitable tolling is appropriate. Once the Supreme Court decided *Welch* in March 2016, opening the door for collateral attacks based on *Johnson 2015*, very little time remained for a defendant to file a § 2255 motion. Many defendants who were potentially eligible for relief, including Wilson, were represented at trial by appointed counsel, sentenced many years ago, and no longer had counsel actively representing them. To ensure that such defendants were able to timely file, the FPD was appointed to determine which defendants sentenced in this district might qualify for relief, and,

10

to achieve this task, it sought a full accounting of all defendants from this jurisdiction who were sentenced under the ACCA. For some reason, defendant's name did not appear on any list, but when the FPD learned of defendant's ACCA status, it immediately filed an abridged motion on his behalf, a mere one day late, and then it timely filed a supplemental motion. If that one-day delay precludes defendant from seeking relief and his ACCA sentence is unlawful, he will serve a sentence that is, at a minimum, five years longer than it should be. The doctrine of equitable tolling exists to prevent such unjust outcomes. Accordingly, the Court concludes that defendant is entitled to equitable tolling and that his § 2255 motion was timely filed.

### B. Procedural Default

Even if defendant's motion is timely, the government argues that his claim is barred by the procedural default rule because he did not challenge the constitutionality of the residual clause before the sentencing court or on direct appeal.

"The general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States,* 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." (internal citations omitted)); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro*, 538 at 504.

Defendant concedes that his claim was not previously raised, but he argues that he has established both cause excusing his procedural default and "actual prejudice" resulting from the errors of which he complains. The Court agrees.

A defendant can show cause where a claim is "so novel that its legal basis [was] not reasonably available to counsel." *Bousley*, 523 U.S. at 622. That is certainly the case here where, as the D.C. Circuit recently noted, "no one . . . could reasonably have anticipated *Johnson [2015]*." *Redrick*, 841 F.3d at 480. Thus, the Court finds, as have a number of other courts, that "[u]ntil the Supreme Court announced its new rule in *Johnson*, [defendant] did not have a reasonable basis upon which to challenge the constitutionality of ACCA's residual clause." *Booker*, 2017 WL 829094, at *5 (internal quotations omitted)); *Brown*, slip op. at 11-12 (same); *see also Carpio v. United States*, No. C16-0647, 2016 WL 6395192, at *8 (W.D. Wash. Oct. 28, 2016) (before *Johnson 2015* "the Supreme Court had twice rejected a constitutional challenge to the residual clause"); *United States v. Sabetta*, 2016 WL 6157454, at *11 (D.R.I. 2016) (same).

To establish prejudice, a defendant "must *at least* demonstrate that 'there is a reasonable probability that, but for [the errors], the result of the proceeding would have been different.'" *United States v. Pettigrew*, 346 F.3d 1139, 1144 (D.C. Cir. 2003) (alteration in original) (quoting *Strickland v. United States*, 466 U.S. 668, 694 (1984)). The Court may "assume for purposes of [the prejudice] analysis that there was [] error." *Id*. at 1145. Here, the prejudice from the alleged error is clear: the ACCA subjected defendant to a 15-year mandatory minimum; absent the ACCA, the statutory *maximum* sentence for his offense would have been 10 years. *See Brown*, slip op. at 12-13; *see also United States v. Hope*, No. CR 07-91, 2017 WL 1164352, at *2 (D. Mont. Mar. 28, 2017) ("a claim that the ACCA's now-invalid residual clause was used to a defendant's detriment at sentencing (by substituting a fifteen-year mandatory minimum for a ten-

year maximum penalty) would be an error of a magnitude that would undoubtedly lead to actual prejudice to the defendant"); *Carpio*, 2016 WL 6395192, at *8 (same).

Since defendant has established both cause and prejudice, his claim is not barred by the procedural default rule.[10]

**III. MERITS**

Having concluded that defendant's claim is timely and not barred by the procedural default rule, the Court will proceed to consider it on the merits. Defendant argues that his ACCA sentence is unlawful because, without the residual clause, his prior convictions for Maryland Robbery and DC ADW are not violent felonies under the ACCA. The government disagrees, arguing that both offenses are covered by the "elements clause." As explained *infra*, the Court concludes that the Maryland Robbery is not a violent felony under the elements clause. As that is a sufficient basis for finding his ACCA sentence to be unlawful, it is unnecessary to decide whether the DC ADW is a qualifying prior conviction.

To determine whether a prior conviction qualifies as a "violent felony" under the elements clause, courts use what is known as the "categorical approach." *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). The "categorical approach" means that courts look at the "elements" of the generic offense rather than the particular facts underlying a conviction. *Id.*; *Mathis v. United States,* 136 S. Ct. 2243, 2253 (2016); *Sheffield*, 823 F. 3d 296, 314 (D.C. Cir. 2016) (courts look at "'how the law defines the offense and not in terms of how an

---

[10] Having reached this conclusion, the Court need not consider defendant's other arguments: (1) that the procedural default rule should not apply to sentence-specific challenges because a motion to correct a sentence is "an endeavor that implicates fewer resources than a full review and much less concern with finality than a challenge to a conviction"; and (2) that just as a defendant cannot waive his right to appeal a sentence in excess of the statutory maximum, such a claim cannot be procedurally defaulted. (Def.'s Reply at 10-14.)

13

individual defendant might have committed it on a particular occasion'" (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008))). Thus, irrespective of a defendant's actual criminal conduct, a prior conviction will qualify as a violent felony under the elements clause only if the generic offense "has an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e). In addition, "it is not true that whatever a state happens to mean by 'force' will invariably correspond to the meaning of that term . . . [in] § 924(e)." *United States v. Mathis*, 963 F.2d 399, 409 (D.C. Cir. 1992). Rather, "[t]he meaning of "physical force" in § 924(e)(2)(B)(i) is a question of federal law, not state law," and, as previously noted, the Supreme Court has held that "the phrase 'physical force' [in § 924(e)] means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson 2010*, 559 U.S. at 140.

The first step in determining whether a state law offense is a violent felony under the elements clause is to look at the state's definition of the offense. In Maryland, robbery is defined as "the felonious taking and carrying away of the personal property of another, from his person or in his presence, by violence or by putting him in fear."[11] *See Coles v. Maryland*, 821 A.2d 389, 394 (Md. 2003); *West v. Maryland*, 539 A.2d 231, 233 (Md. 1988). Although "force" is not expressly part of this definition, it is well-established that "[t]he *hallmark of robbery*, which distinguishes it from theft, *is the presence of force or threat of force*, the latter of which also is referred to as intimidation." *Coles*, 821 A.2d at 395; *see also Spencer v. Maryland*, 30 A.3d 891,

---

[11] At the time defendant was convicted, robbery was a common law crime in Maryland, and the statute only set out the penalties for conviction. *See Facon. v. Maryland*, 796 A.2d 101, 119 (Md. Ct. Spec. App. 2002). Effective October 1, 2000, however, the General Assembly enacted a statutory robbery offense, *see* Md. Code Ann., Crim. Law, § 3-402, but it retains, subject to a few exceptions, its "judicially determined meaning." Md. Code Ann., Crim. Law, § 3-401(e).

14

898 (Md. 2011) ("Common law robbery has a long history of requiring the State to prove either the use of force or the threat of force in order to distinguish robbery from the lesser offense of larceny, or theft."); Md. Pattern Jury Instructions-Criminal § 4.28 Robbery ("In order to convict the defendant of robbery, the State must prove . . . that the defendant took the property by force or threat of force . . . ."). Thus, it is clear, and undisputed, that Maryland robbery has as an element the use or threat of force.

But that is only the first step of the analysis. The next question is whether the force required to commit Maryland Robbery is the equivalent of the force required by § 924(e). The Court will begin by considering the level of force required to commit Maryland Robbery. Defendant argues that Maryland Robbery requires nothing more than the use of "*de minimis* force, i.e., offensive touching" (Def.'s Supp. Mot. at 11-12), while the government counters that "[t]he force required to commit Maryland Robbery is essentially the same as the definition of 'physical force' in *Johnson* (2010)" (Gov't Opp'n at 13).

Under Maryland law, a robbery committed by use of force means that the "the taking must be accompanied or preceded by actual violence directed at the victim." *Raiford v. Maryland*, 447 A.2d 496, 499 (Md. Ct. Spec. App. 1982), *aff'd in part, rev'd in part on other grounds*, 462 A.2d 1192 (Md. 1983). "Actual violence includes both injury to the person and the overcoming of any resistance offered by the victim." *Id.* "'[T]he mere force that is required to take possession, when there is no resistance, is not enough, i.e., the force must be more than is needed simply to move the property from its original to another position.'" *West*, 539 A.2d at 234 (quoting *Cooper v. Maryland*, 265 A.2d 569, 571 (Md. Ct. Spec. App. 1970)). But "if [the victim] resists the attempt to rob him, and his resistance is overcome, there is sufficient violence to make the taking robbery, however slight the resistance." *West*, 539 A.2d at 234 (quoting

15

*Cooper*, 265 A.2d at 571); *see also Facon v. Maryland*, 796 A.2d 101, 119 (Md. Ct. Spec. App. 2002) ("the degree of force necessary to constitute a robbery is immaterial 'so long as it is sufficient to compel the victim to part with his property'" (quoting *West*, 539 A.2d at 234)), *rev'd on other grounds*, 825 A.2d 1096 (Md. 2003).

The government is correct that Maryland Robbery cannot be accomplished simply by taking property by sudden or stealthy seizure or snatching. *See, e.g., West*, 539 A.2d at 235 (no robbery under Maryland law where the "only force applied was that necessary to take the pocketbook from her hand" and the victim was not aware her purse had been stolen until she saw the defendant running away). Yet, that does not answer the critical question: whether the level of force required to overcome resistance, under Maryland law, is necessarily the same level of force required by § 924(e)? On that point, Maryland caselaw supports the defendant's position that it is not. For example, in *Giles v. Maryland*, the court explained that there is sufficient violence to constitute robbery if the defendant were "to run against another, or rudely push him about, for the purpose of diverting his attention and robbing him, and thus take the property from his person," noting that the "fact . . . that surprise aids the force employed to accomplish the taking will not prevent the force from aggravating the offense so as to make it robbery." 261 A.2d 806, 807 (1970); *see also Thomas v. Maryland*, 737 A.2d 622, 639 (Md. Ct. Spec. Appeals 1999) ("[I]f the pickpocket or his confederate jostles the owner, or if the owner, catching the pickpocket in the act, struggles unsuccessfully to retain possession, it is robbery." (quoting LaFave and Scott, Criminal Law § 8.11(1) (2d ed. 1986))). In addition, "[r]esistance need not emanate entirely from the victim." *Raiford*, 447 A.2d at 499. Thus, a purse snatching is accompanied by sufficient force to constitute robbery when the victim felt the "shoulder strap" of her purse being "ripped from her arm" because "'the article stolen is so attached to the person or

clothing of the victim that resistance is offered to the taking solely by reason of such attachment.'" *Id*. (quoting *Cooper*, 265 A.2d at 573).

Based on these decisions, the Court concludes that the force required to overcome resistance and support a conviction for Maryland Robbery does not necessarily rise to the level of violent force capable of causing physical injury. Accordingly, a prior conviction for Maryland Robbery is not a qualifying conviction under the elements clause.[12] Without the Maryland Robbery conviction, defendant does not have three qualifying prior convictions, and his ACCA sentence is unlawful.

## CONCLUSION

For the reasons stated above, the Court concludes that defendant has shown that his "sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(b). Accordingly, defendant's § 2255 motions will be granted, his judgment of conviction vacated, and a resentencing ordered. A separate Order accompanies this Memorandum Opinion.

/s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: April 18, 2017

---

[12] As the "use of force" or the "threat of force" are alternative means of committing the same offense, Maryland Robbery does not qualify as a violent felony if either means of committing the crime falls outside the reach of the elements clause. *See Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013); *see also Gardner*, 823 F.3d at 804 n.6 (finding it unnecessary to "consider whether robbery by means of 'fear' otherwise would require the use, attempted use, or threatened use of 'physical force'" because it "conclude[d] that North Carolina common law robbery committed by means of 'violence' does not require the use, attempted use, or threatened use of 'physical force,' within the meaning of the ACCA").